UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS WILKINSON;

    Plaintiff,

-vs-                                                            Case No.
                                                                          Hon.

EXCALIBUR CROSSBOW INC.,
a foreign corporation;

    Defendant.

_____

## **COMPLAINT AND JURY DEMAND**

Plaintiff, CURTIS WILKINSON, by and through his attorneys, MUELLER LAW FIRM, by Wolfgang Mueller, hereby complains against the Defendant, EXCALIBIR CROSSBOW INC., a foreign corporation, and states the following:

1. Plaintiff is a resident of Charlevoix County, Michigan, within the Western District, Southern Division.

2. EXCALIBUR CROSSBOW INC., ("EXCALIBUR") is a foreign corporation with headquarters at 2335 Shirley Drive, Kitchener, Ontario, N2B 3X4.  EXCALIBUR conducts business in Charlevoix County, Michigan.

3. Jurisdiction is founded upon the diversity of citizenship of the parties, pursuant to 28 USC §1332, contacts with the State of Michigan in connection with the sale of the product in Michigan, and damages which exceed $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court, pursuant to 28 USC §1391, as Defendant does business in this District, and the incident which forms the basis of this claim occurred within this district, specifically in Charlevoix County, Michigan.

## GENERAL ALLEGATIONS

5. EXCALIBUR is a manufacturer and importer of sporting goods equipment, including the Micro Suppressor Crossbow and C2 Cocking Aid System and components.

6. On or about September 27, 2017, Plaintiff's father purchased the subject crossbow and C2 Cocking Aid System.

7. On November 14, 2020, Plaintiff was the user of the Excalibur Micro Suppressor and C2 Cocking Aid, designed, developed, and manufactured by EXCALIBUR. Despite being three years old, the crossbow had been used less than ten times.

8. On November 14, 2020, Plaintiff was deer hunting with the subject crossbow and C2 cocking aid. As Plaintiff was using the C2 cocking aid, one of the hooks failed catastrophically, causing the rope to break and strike Plaintiff in his right eye, resulting in the injuries and damages described below.

9. Plaintiff's father reported the incident to EXCALIBUR. On or about November 20, 2021, EXCALIBUR sent Plaintiff's father a set of two cocking aid

hooks.  The replacement hooks were much more robust in design.



**Left: Fractured hook; Center: Exemplar hook; Right: Replacement hook**

10. As a direct and proximate result of EXCALIBUR's negligence, breach of implied warranties, and gross negligence set forth below, Plaintiff suffered the following injuries and damages:

    a. Laceration to his right eyelid, requiring surgery;

    b. Trauma to his right eye resulting in permanent blindness;

    c. Extreme physical pain and suffering;

    d. Severe emotional distress, resulting in depression and anxiety;

    e. Loss of income as he is no longer able to operate a hi-lo at work and has been reassigned;

    f. Incurring significant medical expenses.

11. Many, if not all, of Plaintiff's injuries and damages are permanent.

## COUNT I

## NEGLIGENCE AND BREACH OF WARRANTIES OF DEFENDANT, EXCALIBUR

12. Plaintiff incorporates by reference all previous paragraphs as though fully restated herein.

13. At all times relevant to this action and during the time of the design and manufacture of the subject C2 cocking aid and components, specifically the hooks, Defendant, EXCALIBUR, was under a duty to design, manufacture, and test its products to eliminate any unreasonable risk of foreseeable injury. Defendant was under the additional duty to manufacture its crossbow components to eliminate defects which would render the C2 cocking aid hooks unfit for their intended, foreseeable uses and foreseeable misuse.

14. Despite the duties set forth above, Defendant was negligent and breached implied warranties in at least the following respects:

    a. Negligently failing to design and develop the cocking aid hooks to withstand foreseeable forces in use without failing;

    b. Negligently failing to manufacture the cocking aid hooks to avoid unreasonable amounts of porosity in the material such that the product would be unable to withstand foreseeable forces in use without failing;

    c. Negligently failing to adequately warn users of the crossbow and components that the cocking aid hooks could fail in foreseeable use and could cause serious or even fatal injuries;

    d. Other acts of negligence that will be discovered through the

course of this litigation.

15. At the time of manufacture and production of the Excalibur Micro Suppressor Crossbow and cocking aid hooks, a technically and economically feasible design existed in the market which would have prevented the injuries sustained by Plaintiff as demonstrated by Defendant's own replacement hooks.

Accordingly, Plaintiff respectfully requests that the trier of fact award all damages allowed under Michigan law. Plaintiff also requests that this court award pre-judgment interest, costs, and attorney fees so wrongfully incurred.

## COUNT II

## GROSS NEGLIGENCE OF EXCALIBUR

16. Plaintiff incorporates by reference all previous paragraphs as though fully restated herein.

17. During the time of the design and manufacture of the subject crossbow, Defendant had actual knowledge of other incidents involving its cocking aid hooks failing during normal and foreseeable use.

18. During the time of the design, manufacture, and sale of the subject product, Defendant had actual knowledge of the defective conditions set forth above, and that there was a substantial likelihood that the defect would cause serious or fatal injuries to users, including the same type of injury in this case. Despite such knowledge, Defendant willfully disregarded that knowledge in the

production, importation, and/or distribution of the product.

19. Defendant went so far as to redesign the cocking aid hooks to make them stronger, but only provided the hooks as replacement parts. Defendant has not recalled the subject hooks and they are not in the original equipment for the C2 cocking aid system.

20. Based on Defendant's actual knowledge and pursuant to MCL §600.2949(a), MCL §600.2946(4), 600.2946(a), 600.2947(1)-(4), and 600.2948(2) do not apply.

21. Defendant's conduct constitutes "gross negligence," which is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether injury results." MCL 600.2945.

Accordingly, Plaintiff respectfully requests that the trier of fact award all damages allowed under Michigan law. Plaintiff also requests that this court award pre-judgment interest, costs, and attorney fees so wrongfully incurred.

Respectfully submitted,

MUELLER LAW FIRM

s/Wolfgang Mueller
WOLFGANG MUELLER (P43728)
Attorney for Plaintiff
41850 W. Eleven Mile Rd., Ste. 101
Novi, MI 48375
(248) 489-9653
(248) 347-6630 (fax)

Dated: February 24, 2022         wolf@wolfmuellerlaw.com

## JURY DEMAND

NOW COMES the Plaintiff, CURTIS WILKINSON, by and through his attorneys, MUELLER LAW FIRM, and hereby demands a trial by jury in the above-captioned matter.

                                                Respectfully submitted,

                                                MUELLER LAW FIRM

                                                s/Wolfgang Mueller
                                                WOLFGANG MUELLER (P43728)
                                                Attorney for Plaintiff
                                                41850 W. Eleven Mile Rd., Ste. 101
                                                Novi, MI 48375
                                                (248) 489-9653
                                                (248) 347-6630 (fax)
                                                wolf@wolfmuellerlaw.com

Dated: February 24, 2022